Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EMANUEL FUENTES ENRÍQUEZ<br><br>Recurrente<br><br>v.<br><br>PHYSICIAN CORRECTIONAL DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN DEL GOBIERNO DE PUERTO RICO<br><br>Recurrido | KLRA202400337 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Demanda Civil |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

### I.

El 24 de junio de 2024, el señor Emmanuel Fuentes Enríquez (señor Fuentes Enríquez o recurrente), quien se encuentra privado de su libertad, presentó por derecho propio un recurso de revisión judicial, el cual tituló *Solicitud de demanda civil*, en el que solicitó que revirtamos una determinación administrativa. Según adujo, se le negó proveerle cierto medicamento recetado para la atención de una condición de la piel.

Asimismo, el señor Fuentes Enríquez incluyó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* en la que solicitó que le autorizáramos a litigar *in forma pauperis* porque, según informó en el formulario, no posee los medios económicos para sufragar los costos del litigio.

Se autoriza la litigación *in forma pauperis* y por derecho propio del recurrente.

Número Identificador
SEN2024_____

En el recurso, el recurrido adujo que Physician Correctional, el Departamento de Corrección y el doctor Víctor Arocho Martínez se negaron a proveerle unos medicamentos solicitados por él para el tratamiento de una condición de la piel. Dichos medicamentos fueron recomendados médicamente tras una evaluación, según alegó. Junto a su escrito, incluyó un *Resumen Médico Complejo Correccional Guayama* preparado por un doctor de Physician Correctional el **11 de agosto de 2023** y una *Hoja de referido/Consulta Extrainstitucional* preparada por el mismo doctor de Physician Correctional el **10 de agosto de 2023**. No obstante, no incluyó la orden, resolución o providencia administrativa cuya revisión solicita, ni ningún otro documento que forme parte del expediente administrativo sobre la determinación de la que se recurre.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 7 (B) (5), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

Empero, adelantamos que el recurso incumple sustancialmente con los requisitos de contenido de la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, necesarios para considerarlo y, por ello, procede su desestimación.

**II.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen

siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. **Fuentes Bonilla v. ELA,** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. **Mun. de San Sebastián v. QMC Telecom,** 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. **Arriaga v. F.S.E.**, 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*, no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento

de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. **Febles v. Romar**, 159 DPR 714, 722 (2003).

**B.**

En concreto, el contenido del escrito de revisión judicial está regulado por la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, la cual establece en su inciso (C)(1) que todo recurso contendrá: (1) **una referencia a la decisión, reglamento o providencia administrativa cuya revisión se solicita** e incluirá, entre otras cosas, el nombre y el número del caso administrativo, el organismo, la agencia o funcionario que la dictó, la fecha en que fue dictada y la fecha en que se notificó a las partes; (2) una referencia a cualquier moción, resolución u orden que haya interrumpido y reanudado el término para solicitar revisión; (3) una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso; (4) un señalamiento breve y conciso de los errores que cometió el organismo o funcionario recurrido; y (5) una discusión de esos errores señalados, haciendo referencia a leyes y jurisprudencia aplicables.

Además, el inciso (E) de la referida Regla, establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de: (1) **la orden, resolución o providencia administrativa cuya revisión se solicita**; (2) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para solicitar revisión; (3) toda resolución u orden, moción o escrito que forme parte del expediente original administrativo y en los que se discuta expresamente cualquier asunto planteado en el recurso de revisión; y (4) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil en la resolución de la controversia.

**III.**

En el presente recurso, el señor Fuentes Enríquez solicita que revisemos una decisión administrativa en la que, según alega, se rechazó proveerle unos medicamentos recetados y solicitados por él para el tratamiento de una condición de la piel. No obstante, omitió incluir documento alguno que acredite dicho rechazo o denegatoria por parte de Physician Correctional o el Departamento de Corrección y Rehabilitación. Tampoco presentó ningún otro documento que forme parte del expediente administrativo sobre la determinación de la que se recurre. Ante esa omisión, tras un análisis objetivo, sereno y cuidadoso del expediente, resulta imperativo desestimar el recurso por falta de jurisdicción ante el craso incumplimiento del recurrido con la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra.* Producto de ese incumplimiento, el recurrido no nos colocó en posición de auscultar nuestra jurisdicción sobre el asunto, ni de evaluar los méritos de sus alegaciones.

**IV.**

Por los fundamentos pormenorizados, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones